

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

**FILED**

JUL - 3 2008

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

LISA M. SHEFFIELD,

        **Plaintiff,**

v.

                                         Civil Action No. 5:08-0895
                                  (Summers County Cir. Ct. No. 08-C-39)

RELATIONAL MANAGEMENT SERVICES, LLC,
a Utah Limited Liability Company,
D/B/A GREENBRIER ACADEMY FOR
GIRLS, RELATIONAL MANAGEMENT LLC,
a Delaware Limited Liability Company
SOLACIUM HOLDINGS, LLC,
a Delaware Limited Liability Company,
SOLACIUM GREENBRIER, LLC,
a West Virginia Limited Liability Company,
TAS GREENBRIER PROPERTIES, LLC,
a Utah Limited Liability Company,
L. JAY MITCHELL, TERI A. MITCHELL,
BART J. MITCHELL, CHERYL MITCHELL,
MATTHEW HART, RON SCHWENKLER,
VAL CHRISTENSEN, and BRENT D. SLIFE,

        **Defendants.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendants L. Jay Mitchell, Cheryl Mitchell, Ron

Schwenkler, Teri Mitchell, and Matthew Hart[1], ("Removing Defendants"), by counsel,

hereby remove this action from the Circuit Court of Summers County, West Virginia, to the

United States District Court for the Southern District of West Virginia under the complete

preemption doctrine applicable to claims arising under the Employee Retirement Income Securi-

ty Act of 1974 ("ERISA").

      1.    This action was commenced in the Circuit Court of Summers County, West Vir-

---

[1] Matthew Hart is not an authorized agent to accept service of process on behalf of Brent D. Slife. See affidavit; attached hereto as Exhibit D.

ginia on May 6, 2008, and is now pending in that court as Civil Action No. 08-C-39.  The Removing Defendants were served copy of a Summons and Complaint on June 2, 2008.  This Notice of Removal is timely filed within thirty days after the Removing Defendants' receipt of a copy of the Complaint.  A copy of the Complaint is attached as Exhibit A.  None of the other Defendants have been served with the Complaint.

2.      On July 27, 2008, Plaintiff filed an Amended Complaint in the Circuit Court of Summers County, West Virginia.  A copy of the Amended Complaint is attached as Exhibit B.  None of the Defendants have been served with the Amended Complaint.

3.      No further proceedings have occurred in state court. A copy of the docket sheet from the Circuit Court of Summers County is attached hereto as Exhibit C.

4.      Among other things, Plaintiff alleges that Defendants promised her that as an employee of Relational Management Services, LLC, d/b/a Greenbrier Academy for Girls ("Greenbrier"), she would be entitled to employee benefits including health, dental, and life insurance as well as a 401(k) retirement plan.  Compl. ¶ 17, 19.  She further alleges that she did not receive medical, dental, and life insurance benefits "in a timely fashion or in keeping with the defendants' representations" (*id.* ¶¶ 24, 25) and that a 401(k) retirement plan "was never put in place in keeping with defendants' representations."  *Id.* ¶ 26.  Plaintiff's prayer for relief includes a request for "benefits promised and owed."  *Id.* at 13.

5.      Greenbrier's medical, dental, and life insurance benefits are provided through employee welfare benefit plans that are governed by ERISA.  *See* ERISA § 3(1), 29 U.S.C. § 1102(1).  To the extent that Plaintiff is seeking benefits allegedly payable under those plans, her claims arise under § 502(a)(1)(B) of ERISA, even though she has pleaded the claims under state law.  *See, e.g., Metropolitan Life Ins. v. Taylor*, 481 U.S. 58 (1987); *Darcangelo v. Verizon*

2

*Communications, Inc.*, 292 F.3d 181, 195 (4th Cir. 2002).

6.     This Court has original jurisdiction over Plaintiff's ERISA claims under 28 U.S.C. § 1331 and § 502(e)(1) of ERISA pursuant to the complete preemption exception to the well-pleaded complaint rule.

7.     This Court has jurisdiction over the remaining state law claims pleaded in the Complaint pursuant to 28 U.S.C. § 1367 and/or 28 U.S.C. § 1441(c).

8.     Written notice of this Notice of Removal has been served on the Plaintiff.

9.     A copy of this Notice of Removal has been mailed for filing with the appropriate clerk of the court for the Circuit Court of Summers County, West Virginia.

WHEREFORE, Defendants L. Jay Mitchell, Cheryl Mitchell, Ron Schwenkler, Teri Mitchell and Matthew Hart remove this civil action from the Circuit Court of Summers County, West Virginia, to the United States District Court for the Southern District of West Virginia.

**L. JAY MITCHELL, TERI A. MITCHELL,**
**BART J. MITCHELL, CHERYL MITCHELL,**
**MATTHEW HART, RON SCHWENKLER,**

**By Counsel,**

Jon L. Fox (WV Bar #1259)
Anna F. Ballard (WV Bar #9511)
Chase Tower, Eighth Floor
P. O. Box 1588
Charleston, WV 25326-1588
(304) 353-8000
(304) 353-8180

STEPTOE & JOHNSON PLLC
Of Counsel

3

4939575

# EXHIBIT A

IN THE CIRCUIT COURT OF SUMMERS COUNTY, WEST VIRGINIA

LISA M. SHEFFIELD

      Plaintiff,

v.                                 Civil Action No. 08-C-_39_

RELATIONAL MANAGEMENT SERVICES, LLC,
a Utah Limited Liability Company,
D/B/A GREENBRIER ACADEMY FOR GIRLS,
RELATIONAL MANAGEMENT LLC,
a Delaware Limited Liability Company
SOLACIUM HOLDINGS, LLC,
a Delaware Limited Liability Company
SOLACIUM GREENBRIER, LLC,
a West Virginia Limited Liability Company,
TAS GREENBRIER PROPERTIES, LLC,
a Utah Limited Liability Company
L. JAY MITCHELL, TERI A. MITCHELL,
BART J. MITCHELL, CHERYL MITCHELL,
MATTHEW HART, RON SCHWENKLER,
VAL CHRISTENSEN, and BRENT D. SLIFE,

      Defendants

## C O M P L A I N T

      Comes not the Plaintiff, Lisa M. Sheffield, by and through counsel, Stroebel & Johnson, P.L.L.C., and for her complaint against the above-named defendants, states as follows:

      1.    Plaintiff, Lisa M. Sheffield (hereinafter, "Plaintiff"), at all times relevant herein was a citizen and resident of Greenbrier County, West Virginia.

      2.    Upon information and belief, at all times relevant herein, Defendant, Relational Management Services, LLC, is a Limited Liability Company chartered in Delaware and effective September 19, 2005, is also registered to do business in the State

of West Virginia as Greenbrier Academy for Girls (hereinafter "Greenbrier Academy"), having as one of its purposes the operation of a residential boarding school for girls located in Pence Springs, Summers County, West Virginia.  Upon information and belief, Relational Management Services, LLC is the proper name of the entity Relational Management, LLC.

3.     Upon information and belief, Defendant Solacium Holdings, LLC is a Delaware Limited Liability Company registered to do business in the State of West Virginia and is listed as a member of Solacium Greenbrier, LLC. Upon information and belief, Defendant Solacium Greenbrier, LLC is a Delaware Limited Liability Company registered to do business in the State of West Virginia. Upon information and belief, the principal purpose of Solacium Holdings, LLC and/or Solacium Greenbrier, LLC is to provide therapeutic treatment programs for teens and young adults, and they have or have had an equity ownership interest in Greenbrier Academy for Girls.

4.     Upon information and belief, TAS Greenbrier Properties, LLC is a Limited Liability Company registered to do business in West Virginia and issued paychecks from its accounts to various employees of Greenbrier Academy, including the Plaintiff.

5.     L. Jay Mitchell is the President and Founder of Greenbrier Academy, a member of its executive team, and at all times relevant herein hereto acted in concert with, as alter ego of, or on behalf of Relational Management, LLC, Relational Management Services, LLC, d/b/a Greenbrier Academy for Girls, and/or Solacium Greenbrier, LLC, and/or Solacium Holdings, LLC, and/or TAS Greenbrier, LLC (hereinafter the "Defendant Companies").

6.     Upon information and belief, Bart J. Mitchell is a resident of West Virginia, is the Chief Operating Officer of Greenbrier Academy, a member of its executive team, and is a registered manager of, and at all times relevant herein, acted in concert with, as alter ego of, or on behalf of the Defendant Companies.

7.     Upon information and belief, Cheryl Mitchell is a resident of West Virginia, is registered with the West Virginia Secretary of State as a Manager of Relational Management Services, LLC, d/b/a Greenbrier Academy for Girls, was the Human Resources Director of Greenbrier Academy until October of 2007, and at all times pertinent

hereto acted in concert with, as alter ego of, or on behalf of the Defendant Companies.

8.     Upon information and belief, Teri A. Mitchell owns an equity interest in one or more of the Defendant Companies, and is the contact for The Greenbrier Academy, a charitable organization registered with the West Virginia Secretary of State to solicit charitable contributions in the State of West Virginia, upon information and belief, for the benefit of Greenbrier Academy.

9.     Ron Schwenkler at all times relevant herein was the Clinical Director for the Greenbrier Academy for Girls and a member of its executive team and is a West Virginia resident and upon information and belief owns an equity interest in one or more the Defendant Companies.

10.    Upon information and belief, Matthew Hart is a resident of West Virginia and became the Chief Executive Officer and a member of the executive team of Greenbrier Academy on or about November 2007.

11.    Upon information and belief, Val Christiansen is a co-founder and Chief Executive Officer of Solacium Holdings, LLC, and otherwise owns an equity interest in one or more of the Defendant Companies.

12.    Upon information and belief, Brent D. Slife is an owner and member of the executive board of Greenbrier Academy.

## FACTUAL BACKGROUND

13.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14.    In or about May of 2007 Plaintiff, a resident of Ohio, applied for the position of Academic Director at the Greenbrier Academy, which was at that time in the process of preparing for and beginning operations.

15.    On or about May 2007, Plaintiff was interviewed for the position of Academic Director at Greenbrier Academy by defendant Cheryl Mitchell by telephone.

16.    In or about the end of April 2007, Plaintiff was interviewed for the position of Academic Director by Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler at the campus of the Greenbrier Academy.

-3-

17.    During the course of the on site interview, defendants made several material misrepresentations of fact about the status of the school and about the position of Academic Director, including among other things, that the school would be ready to open on September 11, 2007, and that the school was offering employment benefits to include health, dental, and life insurance, as well as a 401k retirement plan.

18.    Subsequently, defendant L. Jay Mitchell interviewed Plaintiff by telephone regarding the position of Academic Director at Greenbrier Academy.

19.    During the course of that interview, defendant made further representations to Plaintiff about the position for which she was interviewing, including among other things, that in addition to a salary of $75,000.000/year, that Plaintiff would share in the equity of the school, that she would have medical benefits beginning effective 30 days from Plaintiff's start date, and that dental, life insurance, and a 401k benefit package would be in place.

20.    Thereafter, defendant L. Jay Mitchell called Plaintiff and offered her the job of Academic Director at Greenbrier Academy.   To that end, defendant delivered an employment contract for the position of Academic Director at Greenbrier Academy to Plaintiff via email on May 22, 2007 and solicited its acceptance and return to the defendants.

21.    Plaintiff in reasonable reliance on these representations and promises as well as others made to her by the defendants, accepted the position as Academic Director of Greenbrier Academy and moved to Lewisburg, West Virginia to begin work on June 18, 2007.

22.    On or about June 18, 2007, Plaintiff signed the employment contract on the campus of Greenbrier Academy in the presence of several of the defendants as well as Greenbrier Academy employee Audra Schwenkler.  The employment agreement entered into on June 18, 2007 included, among other things, a one year term of employment beginning on June 18, 2007.

23.    The aforementioned employment agreement specifically stated that, among other things, liquidated damages equal to six months' salary would be awarded to Plaintiff in the event that she was terminated without cause.

-4-

24.     Upon information and belief, Plaintiff did not receive medical insurance employment benefits in a timely fashion or in keeping with the defendants' representations.

25.     Upon information and belief, Plaintiff did not receive dental or life insurance employment benefits in a timely fashion or in keeping with the defendants' representations.

26.     Upon information and belief, the 401k retirement plan was never put into place in keeping with the defendants' representations.

27.     As an employee of Greenbrier Academy, Plaintiff worked under the authority and supervision of defendant L. Jay Mitchell until defendant Matthew Hart was hired as CEO of Greenbrier Academy on or about January of 2008, at which time she reported directly to Defendant Matthew Hart.  These defendants acted at all times pertinent hereto, as officers, agents and employees of Greenbrier Academy.

28.     Plaintiff voiced numerous concerns to defendants L. Jay Mitchell, Matthew Hart, Bart J. Mitchell and Ron Schwenkler, among others, regarding whether students proposed for admission to Greenbrier Academy were ethical in light of the students' academic needs and the services the school was able to offer.

29.     Plaintiff voiced numerous concerns to defendants L. Jay Mitchell, Matthew Hart, Bart Mitchell and Ron Schwenkler, among others, regarding Plaintiff's concern for the safety of students at Greenbrier Academy, including, but not limited to, the lack of security at the Greenbrier Academy campus.

30.     In or about February 2008, defendants, through Bart Mitchell, informed Plaintiff that her salary may be decreased due to financial problems at Greenbrier Academy.

31.     Plaintiff, as a result of her concerns about the financial stability, lack of professional integrity of the executive team as well as the ethical structure of Greenbrier Academy, and as a result of her treatment by other members of the executive team, began to search for other employment to commence at the conclusion of Plaintiff's employment contract.

32.     On or about February, 2008, Plaintiff was offered a full time position at private school in Maryland to begin on July 1, 2008.

33.     During the morning hours of March 7, 2008, a faculty member at Greenbrier

Academy, notified Plaintiff regarding inappropriate physical contact that he had observed between defendant Ron Schwenkler and a female student at Greenbrier Academy.

34.     Shortly thereafter on March 7, 2008, Plaintiff informed defendant Matthew Hart regarding the incident reported by the faculty member, and that Plaintiff intended to file an incident report in keeping with child abuse and neglect provisions of the West Virginia Code.

35.     Later on March 7, 2008, Plaintiff was told by defendants L. Jay Mitchell and Matthew Hart to remove her personal belongings from, and not to return to Greenbrier Academy, and to have no further contact with the faculty or other nonexecutive staff, students or parents of Greenbrier Academy.  Furthermore, defendants seized Plaintiff's work computer and eliminated Plaintiff's access to her school email account.

36.     On or about March 11, 2008, defendants unilaterally removed Plaintiff's profile from the Greenbrier Academy website, and listed Matthew Hart as the Academic Director of Greenbrier Academy.

37.     At about the same time, defendants unilaterally removed Plaintiff's professional credentials from the National Association for Independent Schools website.

38.     Upon information and belief, subsequent to March 7, 2008, defendants have solicited applications for the position of Academic Director at Greenbrier Academy on various professional websites, including the National Association of Therapeutic Schools and Programs website.

39.     Due to the actions and inactions of the defendants listed above, Plaintiff has experienced among other things, injuries to her physical and mental health, severe emotional distress, embarrassment, loss of reputation, humiliation and annoyance and inconvenience.

## CAUSES OF ACTION
### COUNT I
#### Fraudulent Inducement to Contract

40.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

41.     Plaintiff has suffered substantial injuries as a direct and proximate result of defendants' fraudulent representations and promises about the job as Academic Director at Greenbrier Academy, which defendants knew or should have known to be false, and which were made in reckless and conscious disregard of the rights of Plaintiff.

42.     Plaintiff reasonably relied on defendants' representations which induced her to reject an offer of employment with a well established and reputable private educational institution, and to accept the position as Academic Director at Greenbrier Academy.

43.     Defendant L Jay Mitchell, as a member of the executive team at Greenbrier Academy, was at all times hereto acting on behalf of or in concert with the Defendant Companies, which is/are therefore responsible for defendant L. Jay Mitchell's tortious, reckless and fraudulent actions which occurred within the scope of his position as described herein.

44.     Defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler, by reason of their fraudulent and negligent conduct, actions and inactions, have acted in concert and in civil conspiracy with the Defendant Companies as specified herein, and are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of the fraudulent and negligent actions described above.

## COUNT II

### Negligent Misrepresentation

45.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46.     Defendant Companies, and/or the individual defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler negligently made promises and representations as set forth above to the Plaintiff about her employment as Academic Director at Greenbrier Academy that they knew or should have known they would not and did not honor, including among other things:

    a.     The various employment benefits represented to be available to the Plaintiff as an employee of Greenbrier Academy;

-7-

b.   Factual misrepresentation regarding the financial condition of Greenbrier Academy;

c.   The expertise and professional integrity of the management team, and which promises and misrepresentations the Plaintiff reasonably relied upon to her detriment as described above.

47.   Defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler, by reason of their negligent conduct, actions and inactions, have acted in concert and in civil conspiracy with the Defendant Companies as specified herein, and are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of the negligent actions described above.

## COUNT III

## Breach of Contract

48.   Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49.   Defendant L. Jay Mitchell, acting as an executive of Greenbrier Academy and on behalf of the Defendant Companies entered into and subsequently breached various terms of an employment agreement with Plaintiff, including discharging Plaintiff from her position as Academic Director at Greenbrier Academy without cause, and therefore the Defendant Companies are responsible for the substantial injuries, direct and consequential as stated herein above, suffered by the Plaintiff as a direct and proximate result of said breach.

50.   Defendants, by and through Matthew Hart, acting as the Chief Executive Officer of Greenbrier Academy, breached various terms of the employment agreement with Plaintiff, including discharging Plaintiff from her position as Academic Director at Greenbrier Academy without cause on March 7, 2008.

51.   As a direct and proximate result of the above defendants' breach of various terms of the employment agreement with Plaintiff, Plaintiff has suffered substantial injuries, direct and consequential, as have been described herein above.

52.   Defendant L. Jay Mitchell and Matthew Hart, as a result of their control of and

-8-

relationships to and with Defendant Companies as herein above described, are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of said breach.

## COUNT IV

## Violation of Human Rights Act

53.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

54.    At various times during Plaintiff's employment at Greenbrier Academy, defendant Bart J. Mitchell directed unwanted and unwelcome sexual innuendo toward Plaintiff and made unwelcome comments to Plaintiff of a sexual nature. Defendant L. Jay Mitchell, Plaintiff's direct supervisor during the time of the actions of defendant Bart J. Mitchell, and is also the father of defendant Bart J. Mitchell.

55.    At various times during Plaintiff's employment at Greenbrier Academy, defendant Ron Schwenkler directed harassing and intimidating behavior toward Plaintiff. Defendant L. Jay Mitchell, Plaintiff's direct supervisor during the time of the actions of defendant Ron Schwenkler, and is also the father in law of defendant Ron Schwenkler.

56.    Defendants' actions as set forth herein created a hostile and intimidating work environment for Plaintiff in violation of the West Virginia Human Rights Act.

57.    Defendants, as employees and agents of Greenbrier Academy and members of its executive team, were acting in furtherance of Defendant Companies' businesses and within the scope of defendants' employment or within the scope of their apparent authority when they harassed Plaintiff.

58.    Because defendants were acting within the scope of their employment, defendants' conduct is imputable to Greenbrier Academy and the Defendant Companies under the doctrine of *respondeat superior,* and Greenbrier Academy and the Defendant Companies are therefore strictly liable for such harassment of Plaintiff.

59.    Defendant Companies neglected their duty to ensure that Plaintiff's work environment was free from sexual harassment, intimidating and hostile working conditions in violation of the West Virginia Human Rights Act.

60.     Defendants' conduct have caused Plaintiff humiliation, embarrassment, emotional and mental distress and loss of personal dignity, and their conduct proximately caused Plaintiff to suffer severe emotional distress as well as annoyance and inconvenience.

## COUNT V

### Sexual Harassment/Retaliation

61.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 60 as if fully set forth herein.

62.     Defendant Bart J. Mitchell's conduct towards Plaintiff was in violation of the common law that protects Plaintiff from sexual harassment.

63.     Defendant Bart J. Mitchell's conduct towards Plaintiff resulted in, among other things, severe emotional distress, annoyance and inconvenience, humiliation and embarrassment to Plaintiff.

## COUNT VI

### Retaliatory Discharge

64.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 63 as if fully set forth herein.

65.     Defendants Companies and/or L. Jay Mitchell and Matthew Hart retaliated against Plaintiff by discharging her without cause because, among other things, she notified them of her intent to report the inappropriate conduct of a staff member in accordance with West Virginia Code. The defendants' conduct is in violation of public policy, and is in violation of the West Virginia Human Rights Act.

66.     Such conduct by defendants resulted in, among other things, loss of employment, severe emotional distress, humiliation and embarrassment to Plaintiff.

## COUNT VII

### Common Law Harassment

67.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 66 as if fully set forth herein.

68.     Defendant Bart J. Mitchell's conduct towards Plaintiff was in violation of the common law that protects Plaintiff from sexual harassment.

69.     Defendant Bart J. Mitchell's conduct towards Plaintiff resulted in, among other things, severe emotional distress, humiliation and embarrassment to Plaintiff.

## COUNT VIII

### Intentional Infliction of Emotional Distress

70.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 69 as if fully set forth herein.

71.     The harassment by defendant Bart J. Mitchell was reckless, willful, wanton or intentional in that defendant desired to inflict severe emotional distress or knew that such distress was certain, or substantially certain to result from such conduct.

72.     The harassment by defendant Ron Schwenkler was reckless, willful, wanton or intentional in that defendant desired to inflict severe emotional distress or knew that such distress was certain, or substantially certain to result from such conduct.

73.     The defendants' harassment of Plaintiff constitutes extreme and outrageous conduct.

74.     The discharge of Plaintiff from her employment as Academic Director constitutes extreme and outrageous conduct.

75.     Such conduct proximately caused Plaintiff severe emotional distress, a loss of employment as well as annoyance and inconvenience.

## COUNT IX

### Invasion of Privacy/False Light

76.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 75 as if fully set forth herein.

77.     Defendants L. Jay Mitchell, Matthew Hart, Ron Schwenkler and other employees of Greenbrier Academy, disclosed details of Plaintiff's employment status with the Greenbrier Academy staff and students as well as members of the public outside Greenbrier Academy via direct personal communication and communication via the

Greenbrier Academy website, as well as to the educational community via the National Association of Independent Schools' website.

78.     The defendants' disclosure of facts about Plaintiff were private, and the disclosure of such facts was highly offensive and objectionable to a person of reasonable sensibilities such as the Plaintiff.

79.     Members of the public have no legitimate interest in the facts about the Plaintiff disclosed by the defendants.

80.     The disclosure of private facts about Plaintiff was the proximate cause of Plaintiff's mental and physical distress, and among other things, her loss of privacy and loss of reputation in the educational community and the community in which she resides.

## COUNT IX

## Defamation

81.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 80 as if fully set forth herein.

82.     The defendants' unilateral  removal of Plaintiff's profile from the Greenbrier Academy website constituted defamatory statements about the Plaintiff to the public.

83.     The defendants' unilateral removal of Plaintiff's professional credentials from the National Association of Independent Schools website constituted defamatory statements about the Plaintiff to the public.

84.     Defendants L. Jay Mitchell, Bart J. Mitchell, Matthew Hart and Ron Schwenkler made false and derogatory statements to the staff and students at Greenbrier Academy about the Plaintiff.  Defendants knew such statements were false or were negligent with regard to the truth of such statements.

85.     None of the above enumerated communications about the Plaintiff to third parties were privileged.

86.     The defendants' communications as set forth herein above caused Plaintiff mental and emotional distress and caused Plaintiff a loss of reputation in the educational community and in the community in which she resides.

-12-

## PRAYER FOR RELIEF

**WHEREFORE,** on the basis of this Complaint, Plaintiff prays for judgment against the defendants jointly and severally in favor of the Plaintiff for compensatory damages, including damages due under the employment contract, lost health insurance, lost bonuses, lost fringe benefits such as holiday pay, vacation pay, sick or personal leave pay, and any and all other benefits promised and owed, and compensatory damages for emotional distress, pain and suffering and related physical and mental injuries in an amount yet to be determined, future damages, special, nominal, punitive damages and pre and post judgment interest.  Plaintiff also requests this honorable Court to enjoin Defendants from participating in actions and inactions in violation of the West Virginia Human Rights Act and from retaliating against employees who report sexual harassment and discrimination as required by the West Virginia Code.

As to all defendants, Plaintiff further prays that the Court order that they be liable for all costs of this acion, including Plaintiff's attorneys' fees and that this Court award all further and necessary relief as the Court may deem fit and proper.

PLAINTIFF DEMANDS THAT THIS CAUSE BE TRIED BY A JURY.


LISA M. SHEFFIELD
By Counsel


R. Brandon Johnson (WVSB # 5581)
Stroebel & Johnson, P.L.L.C.
P.O. Box 1668
Lewisburg, WV 24901
(304) 645.5700

-13-

# EXHIBIT B

IN THE CIRCUIT COURT OF SUMMERS COUNTY, WEST VIRGINIA

LISA M. SHEFFIELD

      Plaintiff,

v.

                                    Civil Action No. 08-C- 39

RELATIONAL MANAGEMENT SERVICES, LLC,
a Utah Limited Liability Company,
D/B/A GREENBRIER ACADEMY FOR GIRLS,
RELATIONAL MANAGEMENT LLC,
a Delaware Limited Liability Company
SOLACIUM HOLDINGS, LLC,
a Delaware Limited Liability Company,
SOLACIUM GREENBRIER, LLC,
a West Virginia Limited Liability Company,
TAS GREENBRIER PROPERTIES, LLC,
a Utah Limited Liability Company
L. JAY MITCHELL, TERI A. MITCHELL,
BART J. MITCHELL, CHERYL MITCHELL,
MATTHEW HART, RON SCHWENKLER,
VAL CHRISTENSEN, and BRENT D. SLIFE,

                Defendants

## AMENDED COMPLAINT

      Comes not the Plaintiff, Lisa M. Sheffield, by and through counsel, Stroebel & Johnson, P.L.L.C., and for her amended complaint against the above-named defendants, states as follows:

      1.    Plaintiff, Lisa M. Sheffield (hereinafter, "Plaintiff"), at all times relevant herein was a citizen and resident of Greenbrier County, West Virginia.

      2.    Upon information and belief, at all times relevant herein, Defendant, Relational Management Services, LLC, is a Limited Liability Company chartered in Delaware and effective September 19, 2005, is also registered to do business in the State

-1-

of West Virginia as Greenbrier Academy for Girls (hereinafter "Greenbrier Academy"), having as one of its purposes the operation of a residential boarding school for girls located in Pence Springs, Summers County, West Virginia. Upon information and belief, Relational Management Services, LLC is the proper name of the entity Relational Management, LLC.

3.     Upon information and belief, Defendant Solacium Holdings, LLC is a Delaware Limited Liability Company registered to do business in the State of West Virginia and is listed as a member of Solacium Greenbrier, LLC. Upon information and belief, Defendant Solacium Greenbrier, LLC is a Delaware Limited Liability Company registered to do business in the State of West Virginia. Upon information and belief, the principal purpose of Solacium Holdings, LLC and/or Solacium Greenbrier, LLC is to provide therapeutic treatment programs for teens and young adults, and they have or have had an equity ownership interest in Greenbrier Academy for Girls.

4.     Upon information and belief, TAS Greenbrier Properties, LLC is a Limited Liability Company registered to do business in West Virginia and issued paychecks from its accounts to various employees of Greenbrier Academy, including the Plaintiff.

5.     L. Jay Mitchell is the President and Founder of Greenbrier Academy, a member of its executive team, and at all times relevant herein hereto acted in concert with, as alter ego of, or on behalf of Relational Management, LLC, Relational Management Services, LLC, d/b/a Greenbrier Academy for Girls, and/or Solacium Greenbrier, LLC, and/or Solacium Holdings, LLC, and/or TAS Greenbrier, LLC (hereinafter the "Defendant Companies").

6.     Upon information and belief, Bart J. Mitchell is a resident of West Virginia, is the Chief Operating Officer of Greenbrier Academy, a member of its executive team, and is a registered manager of, and at all times relevant herein, acted in concert with, as alter ego of, or on behalf of the Defendant Companies.

7.     Upon information and belief, Cheryl Mitchell is a resident of West Virginia, is registered with the West Virginia Secretary of State as a Manager of Relational Management Services, LLC, d/b/a Greenbrier Academy for Girls, was the Human Resources Director of Greenbrier Academy until October of 2007, and at all times pertinent

-2-

hereto acted in concert with, as alter ego of, or on behalf of the Defendant Companies.

8.    Upon information and belief, Teri A. Mitchell owns an equity interest in one or more of the Defendant Companies, and is the contact for The Greenbrier Academy, a charitable organization registered with the West Virginia Secretary of State to solicit charitable contributions in the State of West Virginia, upon information and belief, for the benefit of Greenbrier Academy.

9.    Ron Schwenkler at all times relevant herein was the Clinical Director for the Greenbrier Academy for Girls and a member of its executive team and is a West Virginia resident and upon information and belief owns an equity interest in one or more the Defendant Companies.

10.    Upon information and belief, Matthew Hart is a resident of West Virginia and became the Chief Executive Officer and a member of the executive team of Greenbrier Academy on or about November 2007.

11.    Upon information and belief, Val Christiansen is a co-founder and Chief Executive Officer of Solacium Holdings, LLC, and otherwise owns an equity interest in one or more of the Defendant Companies.

12.    Upon information and belief, Brent D. Slife is an owner and member of the executive board of Greenbrier Academy.

## FACTUAL BACKGROUND

13.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 12 as if fully set forth herein.

14.    In or about May of 2007 Plaintiff, a resident of Ohio, applied for the position of Academic Director at the Greenbrier Academy, which was at that time in the process of preparing for and beginning operations.

15.    On or about May 2007, Plaintiff was interviewed for the position of Academic Director at Greenbrier Academy by defendant Cheryl Mitchell by telephone.

16.    In or about the end of April 2007, Plaintiff was interviewed for the position of Academic Director by Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler at the campus of the Greenbrier Academy.

17.     During the course of the on site interview, defendants made several material misrepresentations of fact about the status of the school and about the position of Academic Director, including among other things, that the school would be ready to open on September 11, 2007, and that the school was offering employment benefits to include health, dental, and life insurance, as well as a 401k retirement plan.

18.     Subsequently, defendant L. Jay Mitchell interviewed Plaintiff by telephone regarding the position of Academic Director at Greenbrier Academy.

19.     During the course of that interview, defendant made further representations to Plaintiff about the position for which she was interviewing, including among other things, that in addition to a salary of $75,000.000/year, that Plaintiff would share in the equity of the school, that she would have medical benefits beginning effective 30 days from Plaintiff's start date, and that dental, life insurance, and a 401k benefit package would be in place.

20.     Thereafter, defendant L. Jay Mitchell called Plaintiff and offered her the job of Academic Director at Greenbrier Academy.  To that end, defendant delivered an employment contract for the position of Academic Director at Greenbrier Academy to Plaintiff via email on May 22, 2007 and solicited its acceptance and return to the defendants.

21.     Plaintiff in reasonable reliance on these representations and promises as well as others made to her by the defendants, accepted the position as Academic Director of Greenbrier Academy and moved to Lewisburg, West Virginia to begin work on June 18, 2007.

22.     On or about June 18, 2007, Plaintiff signed the employment contract on the campus of Greenbrier Academy in the presence of several of the defendants as well as Greenbrier Academy employee Audra Schwenkler.  The employment agreement entered into on June 18, 2007 included, among other things, a one year term of employment beginning on June 18, 2007.

23.     The aforementioned employment agreement specifically stated that, among other things, liquidated damages equal to six months' salary would be awarded to Plaintiff in the event that she was terminated without cause.

-4-

24.    Upon information and belief, Plaintiff did not receive medical insurance employment benefits in a timely fashion or in keeping with the defendants' representations.

25.    Upon information and belief, Plaintiff did not receive dental or life insurance employment benefits in a timely fashion or in keeping with the defendants' representations.

26.    Upon information and belief, the 401k retirement plan was never put into place in keeping with the defendants' representations.

27.    As an employee of Greenbrier Academy, Plaintiff worked under the authority and supervision of defendant L. Jay Mitchell until defendant Matthew Hart was hired as CEO of Greenbrier Academy on or about January of 2008, at which time she reported directly to Defendant Matthew Hart. These defendants acted at all times pertinent hereto, as officers, agents and employees of Greenbrier Academy.

28.    Plaintiff voiced numerous concerns to defendants L. Jay Mitchell, Matthew Hart, Bart J. Mitchell and Ron Schwenkler, among others, regarding whether students proposed for admission to Greenbrier Academy were ethical in light of the students' academic needs and the services the school was able to offer.

29.    Plaintiff voiced numerous concerns to defendants L. Jay Mitchell, Matthew Hart, Bart Mitchell and Ron Schwenkler, among others, regarding Plaintiff's concern for the safety of students at Greenbrier Academy, including, but not limited to, the lack of security at the Greenbrier Academy campus.

30.    In or about February 2008, defendants, through Bart Mitchell, informed Plaintiff that her salary may be decreased due to financial problems at Greenbrier Academy.

31.    Plaintiff, as a result of her concerns about the financial stability, lack of professional integrity of the executive team as well as the ethical structure of Greenbrier Academy, and as a result of her treatment by other members of the executive team, began to search for other employment to commence at the conclusion of Plaintiff's employment contract.

32.    On or about February, 2008, Plaintiff was offered a full time position at private school in Maryland to begin on July 1, 2008.

33.    During the morning hours of March 7, 2008, a faculty member at Greenbrier

-5-

Academy, notified Plaintiff regarding inappropriate physical contact that he had observed between defendant Ron Schwenkler and a female student at Greenbrier Academy.

34.    Shortly thereafter on March 7, 2008, Plaintiff informed defendant Matthew Hart regarding the incident reported by the faculty member, and that Plaintiff intended to file an incident report in keeping with child abuse and neglect provisions of the West Virginia Code.

35.    Later on March 7, 2008, Plaintiff was told by defendants L. Jay Mitchell and Matthew Hart to remove her personal belongings from, and not to return to Greenbrier Academy, and to have no further contact with the faculty or other nonexecutive staff, students or parents of Greenbrier Academy.  Furthermore, defendants seized Plaintiff's work computer and eliminated Plaintiff's access to her school email account.

36.    On or about March 11, 2008, defendants unilaterally removed Plaintiff's profile from the Greenbrier Academy website, and listed Matthew Hart as the Academic Director of Greenbrier Academy.

37.    At about the same time, defendants unilaterally removed Plaintiff's professional credentials from the National Association for Independent Schools website.

38.    Upon information and belief, subsequent to March 7, 2008, defendants have solicited applications for the position of Academic Director at Greenbrier Academy on various professional websites, including the National Association of Therapeutic Schools and Programs website.

39.    Due to the actions and inactions of the defendants listed above, Plaintiff has experienced among other things, injuries to her physical and mental health, severe emotional distress, embarrassment, loss of reputation, humiliation and annoyance and inconvenience.

## CAUSES OF ACTION
### COUNT I
#### Fraudulent Inducement to Contract

40.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 39 as if fully set forth herein.

-6-

41.     Plaintiff has suffered substantial injuries as a direct and proximate result of defendants' fraudulent representations and promises about the job as Academic Director at Greenbrier Academy, which defendants knew or should have known to be false, and which were made in reckless and conscious disregard of the rights of Plaintiff.

42.     Plaintiff reasonably relied on defendants' representations which induced her to reject an offer of employment with a well established and reputable private educational institution, and to accept the position as Academic Director at Greenbrier Academy.

43.     Defendant L Jay Mitchell, as a member of the executive team at Greenbrier Academy, was at all times hereto acting on behalf of or in concert with the Defendant Companies, which is/are therefore responsible for defendant L. Jay Mitchell's tortious, reckless and fraudulent actions which occurred within the scope of his position as described herein.

44.     Defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler, by reason of their fraudulent and negligent conduct, actions and inactions, have acted in concert and in civil conspiracy with the Defendant Companies as specified herein, and are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of the fraudulent and negligent actions described above.

## COUNT II

### Negligent Misrepresentation

45.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 44 as if fully set forth herein.

46.     Defendant Companies, and/or the individual defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler negligently made promises and representations as set forth above to the Plaintiff about her employment as Academic Director at Greenbrier Academy that they knew or should have known they would not and did not honor, including among other things:

a.     The various employment benefits represented to be available to the Plaintiff as an employee of Greenbrier Academy;

-7-

b.   Factual misrepresentation regarding the financial condition of Greenbrier Academy;

c.   The expertise and professional integrity of the management team, and which promises and misrepresentations the Plaintiff reasonably relied upon to her detriment as described above.

47.   Defendants L. Jay Mitchell, Bart J. Mitchell, Cheryl Mitchell and Ron Schwenkler, by reason of their negligent conduct, actions and inactions, have acted in concert and in civil conspiracy with the Defendant Companies as specified herein, and are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of the negligent actions described above.

## COUNT III

### Breach of Contract

48.   Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 47 as if fully set forth herein.

49.   Defendant L. Jay Mitchell, acting as an executive of Greenbrier Academy and on behalf of the Defendant Companies entered into and subsequently breached various terms of an employment agreement with Plaintiff, including discharging Plaintiff from her position as Academic Director at Greenbrier Academy without cause, and therefore the Defendant Companies are responsible for the substantial injuries, direct and consequential as stated herein above, suffered by the Plaintiff as a direct and proximate result of said breach.

50.   Defendants, by and through Matthew Hart, acting as the Chief Executive Officer of Greenbrier Academy, breached various terms of the employment agreement with Plaintiff, including discharging Plaintiff from her position as Academic Director at Greenbrier Academy without cause on March 7, 2008.

51.   As a direct and proximate result of the above defendants' breach of various terms of the employment agreement with Plaintiff, Plaintiff has suffered substantial injuries, direct and consequential, as have been described herein above.

52.   Defendant L. Jay Mitchell and Matthew Hart, as a result of their control of and

-8-

relationships to and with Defendant Companies as herein above described, are responsible for the substantial injuries, direct and consequential, suffered by the Plaintiff as a direct and proximate result of said breach.

## COUNT IV

### Violation of Human Rights Act

53. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 52 as if fully set forth herein.

54. At various times during Plaintiff's employment at Greenbrier Academy, defendant Bart J. Mitchell directed unwanted and unwelcome sexual innuendo toward Plaintiff and made unwelcome comments to Plaintiff of a sexual nature. Defendant L. Jay Mitchell, Plaintiff's direct supervisor during the time of the actions of defendant Bart J. Mitchell, and is also the father of defendant Bart J. Mitchell.

55. At various times during Plaintiff's employment at Greenbrier Academy, defendant Ron Schwenkler directed harassing and intimidating behavior toward Plaintiff. Defendant L. Jay Mitchell, Plaintiff's direct supervisor during the time of the actions of defendant Ron Schwenkler, and is also the father in law of defendant Ron Schwenkler.

56. Defendants' actions as set forth herein created a hostile and intimidating work environment for Plaintiff in violation of the West Virginia Human Rights Act.

57. Defendants, as employees and agents of Greenbrier Academy and members of its executive team, were acting in furtherance of Defendant Companies' businesses and within the scope of defendants' employment or within the scope of their apparent authority when they harassed Plaintiff.

58. Because defendants were acting within the scope of their employment, defendants' conduct is imputable to Greenbrier Academy and the Defendant Companies under the doctrine of *respondeat superior*, and Greenbrier Academy and the Defendant Companies are therefore strictly liable for such harassment of Plaintiff.

59. Defendant Companies neglected their duty to ensure that Plaintiff's work environment was free from sexual harassment, intimidating and hostile working conditions in violation of the West Virginia Human Rights Act.

60. Defendants' conduct have caused Plaintiff humiliation, embarrassment, emotional and mental distress and loss of personal dignity, and their conduct proximately caused Plaintiff to suffer severe emotional distress as well as annoyance and inconvenience.

## COUNT V

### Sexual Harassment/Retaliation

61. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 60 as if fully set forth herein.

62. Defendant Bart J. Mitchell's conduct towards Plaintiff was in violation of the common law that protects Plaintiff from sexual harassment.

63. Defendant Bart J. Mitchell's conduct towards Plaintiff resulted in, among other things, severe emotional distress, annoyance and inconvenience, humiliation and embarrassment to Plaintiff.

## COUNT VI

### Retaliatory Discharge

64. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 63 as if fully set forth herein.

65. Defendants Companies and/or L. Jay Mitchell and Matthew Hart retaliated against Plaintiff by discharging her without cause because, among other things, she notified them of her intent to report the inappropriate conduct of a staff member in accordance with West Virginia Code. The defendants' conduct is in violation of public policy, and is in violation of the West Virginia Human Rights Act.

66. Such conduct by defendants resulted in, among other things, loss of employment, severe emotional distress, humiliation and embarrassment to Plaintiff.

## COUNT VII

### Common Law Harassment

67. Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 66 as if fully set forth herein.

-10-

68.    Defendant Bart J. Mitchell's conduct towards Plaintiff was in violation of the common law that protects Plaintiff from sexual harassment.

69.    Defendant Bart J. Mitchell's conduct towards Plaintiff resulted in, among other things, severe emotional distress, humiliation and embarrassment to Plaintiff.

## COUNT VIII

### Intentional Infliction of Emotional Distress

70.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 69 as if fully set forth herein.

71.    The harassment by defendant Bart J. Mitchell was reckless, willful, wanton or intentional in that defendant desired to inflict severe emotional distress or knew that such distress was certain, or substantially certain to result from such conduct.

72.    The harassment by defendant Ron Schwenkler was reckless, willful, wanton or intentional in that defendant desired to inflict severe emotional distress or knew that such distress was certain, or substantially certain to result from such conduct.

73.    The defendants' harassment of Plaintiff constitutes extreme and outrageous conduct.

74.    The discharge of Plaintiff from her employment as Academic Director constitutes extreme and outrageous conduct.

75.    Such conduct proximately caused Plaintiff severe emotional distress, a loss of employment as well as annoyance and inconvenience.

## COUNT IX

### Invasion of Privacy/False Light

76.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 75 as if fully set forth herein.

77.    Defendants L. Jay Mitchell, Matthew Hart, Ron Schwenkler and other employees of Greenbrier Academy, disclosed details of Plaintiff's employment status with the Greenbrier Academy staff and students as well as members of the public outside Greenbrier Academy via direct personal communication and communication via the

Greenbrier Academy website, as well as to the educational community via the National Association of Independent Schools' website.

78.    The defendants' disclosure of facts about Plaintiff were private, and the disclosure of such facts was highly offensive and objectionable to a person of reasonable sensibilities such as the Plaintiff.

79.    Members of the public have no legitimate interest in the facts about the Plaintiff disclosed by the defendants.

80.    The disclosure of private facts about Plaintiff was the proximate cause of Plaintiff's mental and physical distress, and among other things, her loss of privacy and loss of reputation in the educational community and the community in which she resides.

## COUNT IX
### Defamation

81.    Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 80 as if fully set forth herein.

82.    The defendants' unilateral removal of Plaintiff's profile from the Greenbrier Academy website constituted defamatory statements about the Plaintiff to the public.

83.    The defendants' unilateral removal of Plaintiff's professional credentials from the National Association of Independent Schools website constituted defamatory statements about the Plaintiff to the public.

84.    Defendants L. Jay Mitchell, Bart J. Mitchell, Matthew Hart and Ron Schwenkler made false and derogatory statements to the staff and students at Greenbrier Academy about the Plaintiff.  Defendants knew such statements were false or were negligent with regard to the truth of such statements.

85.    None of the above enumerated communications about the Plaintiff to third parties were privileged.

86.    The defendants' communications as set forth herein above caused Plaintiff mental and emotional distress and caused Plaintiff a loss of reputation in the educational community and in the community in which she resides.

-12-

## COUNT X

### Wage and Payment Violation

87.     Plaintiff incorporates by reference and realleges each and every allegation contained in paragraphs 1 through 86 as if fully set forth herein.

88.     Defendants, in violation of West Virginia Code §21-5-4(b), failed to pay plaintiff her wages in full in a timely fashion after her termination.

89.     Plaintiff is entitled to liquidated damages pursuant to West Virginia Code §21-5-4.

### PRAYER FOR RELIEF

**WHEREFORE,** on the basis of this Complaint, Plaintiff prays for judgment against the defendants jointly and severally in favor of the Plaintiff for compensatory damages, including damages due under the employment contract, lost health insurance, lost bonuses, lost fringe benefits such as holiday pay, vacation pay, sick or personal leave pay, and any and all other benefits promised and owed, and compensatory damages for emotional distress, pain and suffering and related physical and mental injuries in an amount yet to be determined, future damages, special, nominal, punitive damages and pre and post judgment interest.   Plaintiff also requests this honorable Court to enjoin Defendants from participating in actions and inactions in violation of the West Virginia Human Rights Act and from retaliating against employees who report sexual harassment and discrimination as required by the West Virginia Code.

As to all defendants, Plaintiff further prays that the Court order that they be liable for all costs of this action, including Plaintiff's attorneys' fees and that this Court award all further and necessary relief as the Court may deem fit and proper.

PLAINTIFF DEMANDS THAT THIS CAUSE BE TRIED BY A JURY.

LISA M. SHEFFIELD
By Counsel

R. Brandon Johnson (WVSB # 5581)
Stroebel & Johnson, P.L.L.C.
P.O. Box 1668
Lewisburg, WV 24901
(304) 645.5700

# EXHIBIT C

CASE 08-C-39      SUMMERS

LISA SHEFFIELD      **vs.** RELATIONAL MANAGEMENT SERVICES

LINE    DATE    ACTION

  1   05/06/08    COMPLAINT AND SUMMONS FILED, SNET BACK TO COUNSEL TO HAVE EACH
  2            DEFD'T SERVED
  3   06/19/08    (7) RETURNS OF SERVICE FILED.
  4   06/27/08    NEW SUMMONS AND COMPLAINT AND ISSUED FOR ALL DEFENDANT'S
  5            AND SENT BACK TO COUNSEL FOR SERVICE

# EXHIBIT D

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY

LISA M. SHEFFIELD,

        Plaintiff,

v.                                       Civil Action No. _____
                                  (Summers County Cir. Ct. No. 08-C-39)

RELATIONAL MANAGEMENT SERVICES,
LLC, d/b/a GREENBRIER ACADEMY FOR
GIRLS, RELATIONAL MANAGEMENT LLC,
SOLACIUM HOLDINGS, LLC, SOLACIUM
GREENBRIER, LLC, TAS GREENBRIER
PROPERTIES, LLC, L. JAY MITCHELL,
TERI A. MITCHELL, BART J. MITCHELL
CHERYL MITCHELL, MATTHEW HART,
RON SCHWENKLER, VAL CHRISTENSEN,
and BRENT D. SLIFE,

        Defendants.

## AFFIDAVIT OF MATTHEW HART

STATE OF WEST VIRGINIA,
COUNTY OF SUMMERS, TO-WIT:

        I, Matthew Hart, after being duly sworn, hereby depose and state as follows:

1) That I am the Headmaster/CEO for Greenbrier Academy;

2) That on June 2, 2008, I received a copy of the Complaint and various summonses for the following individual defendants in the above-referenced matter: Matthew Hart (myself), Cheryl Mitchell, Teri Mitchell, Bart Mitchell, L. Jay Mitchell, Ron Schwenkler and Brent D. Slife;

3) That Brent D. Slife is a Utah resident and does not reside in West Virginia;

4) That I am not an authorized agent to accept service of process on behalf of Brent D.

     Slife;

Further the affiant saith not.

                                                  Matthew Hart

Taken, subscribed and sworn to before me this _____ day of _____, 2008.

My commission expires: _____.

                                              Notary Public

OFFICIAL SEAL
NOTARY PUBLIC
STATE OF WEST VIRGINIA
SHARON A. FINDLAY
GREENBRIER ACADEMY
PO BOX 242
PENCE SPRINGS, WEST VIRGINIA 24962
MY COMMISSION EXPIRES MARCH 24, 2018

(NOTARIAL SEAL)